# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-KA-00319-SCT

*JAMES LADELL SARDIN a/k/a JAMES L.*
*SARDIN a/k/a JAMES SARDIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2024 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | FRANK PHILIP WITTMANN, IV |
| | ANGELA BROUN |
| | BRENT A. MARTIN |
| | ALVIN CHASE |
| | GEORGE RANDALL HUFFMAN |
| | MEAGHAN JORDAN SMITH |
| | CHRISTOPHER ALAN GREEN |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | WILLIAM CROSBY PARKER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/14/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1. A Harrison County jury found James Ladell Sardin guilty of trafficking in a controlled

substance in violation of Mississippi Code Section 41-29-139(f) (Rev. 2018). The Circuit

Court of Harrison County sentenced Sardin to a term of thirty years in the custody of the Mississippi Department of Corrections pursuant to Mississippi Code Section 41-29-139(b)(1) (Rev. 2018) and in accordance with the enhanced sentencing provisions of the habitual offender statute, Mississippi Code Section 99-19-81 (Rev. 2020).

¶2. On appeal, Sardin's appointed counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), and stated that after a thorough and diligent examination of the record, no arguable issues for review were found. Sardin was afforded the opportunity to file a pro se brief but did not do so. After reviewing the record and finding no arguable issues, we affirm the judgment of the trial court.

## FACTS

¶3. On November 2, 2021, Dontarious Durdin was pulled over by the Biloxi Police Department. Durdin was found with a felony quantity of THC gummies in his possession. When he was brought to the police station, he suggested to the officers that he could call his drug dealer to set up a cocaine purchase. The officers accepted his offer, and a phone call was conducted and recorded in the presence of several investigators. During the phone call, Durdin arranged to purchase two ounces of cocaine from Sardin later that day at the convenience store on the corner of Lameuse and Division Streets.

¶4. The officers took position around the area of the arranged purchase in multiple unmarked vehicles. While they were in the field, their captain, who had remained at the station with Durdin, alerted them to be on the lookout for a black male in a white Mercedes-Benz headed to the location.

¶5. Two of the officers soon identified a white Mercedes as it pulled into the convenience store. The car did not stop, and the officers followed. The Mercedes was traveling over the twenty-five mile per hour speed limit, and the officers turned on blue lights and sirens. Shortly, the Mercedes pulled over, and the officers conducted a traffic stop.

¶6. When they approached the vehicle, the officers observed a female passenger attempting to conceal a bag of white powder down her pants. They removed both the driver, Sardin, and the passenger from the car, whereupon they found two more bags of white powder. One bag was recovered from Sardin's lap, while the other was recovered from his pocket. The entirety of the encounter was captured thoroughly in video and audio recorded by multiple body cameras. Tests conducted by the Mississippi Forensics Laboratory confirmed the powder was cocaine with a combined weight of more than 54.75 grams.

¶7. At trial, the jury found Sardin guilty of trafficking in cocaine. Thereafter, evidence was presented revealing that Sardin was a habitual offender under Mississippi Code Section 99-19-81 (Rev. 2020). Accordingly, the trial court sentenced him to serve thirty years in the custody of the Mississippi Department of Corrections.

## ANALYSIS

¶8. In *Lindsey v. State*, 939 So. 2d 743, 748 (Miss. 2005), this Court set forth the procedure to be followed when appellate counsel for an indigent appellant concludes that there are no arguable issues to present on appeal.

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

3

(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issues or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on the merits and render a decision.

*Bradford v. State*, 391 So. 3d 1159, 1161 (Miss. 2024) (alteration in original) (quoting

*Jackson v. State*, 382 So. 3d 502, 505 (Miss. 2024)).

¶9.     In his brief, Sardin's counsel avowed that he had complied with all the requirements

set forth in *Lindsey*.  He wrote that his

search for error included examination and consideration of the following: (a) the reason for Sardin's arrest and the surrounding circumstances; (b) any possible violations of Sardin's right to counsel, including ineffective assistance; (c) the entire trial transcript and record; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted or not; (h) possible misapplication of the law in sentencing; (i) the sufficiency of the indictment; and (j) the weight and sufficiency of the evidence.

4

Furthermore, counsel indicated that he provided Sardin with a copy of his brief along with the trial court records and notified him of his right to file a pro se brief. Sardin declined to file a pro se brief.

## **CONCLUSION**

¶10. In the absence of discernible error, the judgment of the Harrison County Circuit Court is affirmed.

¶11. **AFFIRMED.**

**KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**